434.845.2600
1.800.254.2760
COXLAWGROUP.COM
FAX: 434.845.0727

LAW GROUP
900 Lakeside Drive • Lynchburg, VA 24501

DAVID COX
DAVID E. WRIGHT
JANICE ROY HANSEN
HEIDI B. SHAFER

April 1, 2009

Honorable William E. Anderson, Judge
U.S. Bankruptcy Court
1101 Court Street
Lynchburg, VA 24504

RE:   SAMUEL & ANCER RICHARD 05-65189
      LEONARD & DIANE WALKER 07-61697

Dear Judge Anderson:

I am writing in response to the Show Cause Orders entered against attorney David Wright and me on March 24, 2009 (two against Mr. Wright and one against me). We sincerely apologize to the Court for our failure to submit timely the continuance orders required in these cases as required by Local Rules after the hearings on March 10, 2009. We will appear at the Show Cause hearings on April 9, 2009, but we thought it might be appropriate to submit this letter in advance of the hearing.

In each of the above cases we have now drafted and obtained the endorsement of the Trustee for the required orders. Each of these orders has been submitted to the Court for consideration and entry if appropriate.

Mr. Wright and I deeply regret these oversights. We recognize the importance of the timely submission of continuance orders to ensure that the record of the Court is complete. Although we have procedures in place to manage the timely preparation of orders following Court hearings, we clearly had a breakdown in our process in these cases. We are embarrassed about these mistakes and regret that it caused the Court to have to take the time to enter the Show Cause orders. We do not submit the following as an excuse but believe the Court is entitled to an explanation. Like many other bankruptcy practices, we are currently finding ourselves in a significant growth phase. Our challenge is to ensure that this growth does not come at the expense of making sure we comply with all requirements of the Court. With that said, we assure the Court that we are making every effort to make certain that these errors do not happen again.

Our Current Process.
Our current process involves the attorney and the paralegal in Court each recording notes on their respective dockets as to which cases will require the submission of orders. Immediately after a court hearing, that paralegal, the attorney and a second paralegal

*Please send all mail to our Lynchburg office.*

| LYNCHBURG: | | DANVILLE: | | STAUNTON: | |
|---|---|---|---|---|---|
| 900 Lakeside Drive | Phone: 434.845.2600 | 122 S. Market Street | Phone: 434.797.4711 | Stratton Building, Suite 23 | Phone: 540.294.4562 |
| Lynchburg, VA 24501 | Fax: 434.845.0727 | Danville, VA 24541 | Fax: 434.845.0727 | 110 West Johnson Street | Fax: 434.845.0727 |
| | | | | Staunton, VA 24401 | |

meet to review the notes and make a list of orders that need to be prepared. With the oversight of the attorney, the second paralegal drafts the orders for review by the attorney and then oversees the circulation, endorsement and timely submission of those required orders.

What Happened In These Cases.
Unfortunately, the three orders that were not submitted timely to the Court were somehow overlooked when we prepared our list of required orders to prepare after court. This oversight has made it abundantly clear to us that in addition to the two docket/notes system, we are currently utilizing, we need an additional "check" to make sure that all orders are caught.

Our Efforts to Improve Our Process.
On Friday, March 27, 2009, Barbara Okes was kind enough to meet with me as I attempted to come up with some sort of a "back up" procedure for dealing with these orders. She explained to me the process that the Clerk's office uses through generating daily reports of orders due. She directed me to Kathy Warren in the Clerk's Office for more information on how those reports are generated in order to see if it would be something I could duplicate from my own ECF account. Ms. Warren was very helpful and showed me exactly how she is able to produce a daily report of deadlines using the Court's system. Seeing this as a perfect "check" that I could generate myself from my office using my own ECF account, we tried together to generate the same report using my login information. Unfortunately, my login does not permit me to complete a deadlines report like the Clerk's Office uses. I then met with Mr. Tollison to inquire as to whether my ECF login account permissions might be expanded in order to allow for access to this deadlines report and to see if he had other ideas on how I might be able to retrieve this information. Mr. Tollison was also very helpful, of course, and offered to pass my request along to Mr. Craig. I thanked him and advised that I would make a formal request to him in writing so that he would have my letter to forward to the Clerk. I have since made that request and will forward a copy of my letter to Chambers for your records.

The Additional Back Up Process We Intend to Utilize.
Hopefully, as a long term solution, I will receive permission to generate these deadline reports through my own ECF account. This would be a tremendous help to my firm, as well as to other firms, in light of the large volume of orders we must prepare and track each month. In the meantime while the Clerk's Office considers my request, we have come up with an immediate solution. I have assigned a paralegal in my office the task of reviewing the Court Docket Notes as prepared by Ms. Okes, in every case one week after the hearing date. Although this action will take considerably longer than generating a single deadlines report, it should act as an excellent additional "check" to minimize the chance that we might miss any of the required orders going forward.

As you can see, we are making every effort to adjust our system to meet the Court's expectations. Please let us know if you have any questions or concerns.

Thank you for your consideration of this letter.

Mr. Wright and I will appear at the hearing on April 9, 2009, at 9:30 a.m. to address the concerns of the Court.

Very truly yours,

David Cox

David E. Wright